KILMER *v.* KILMER.

Opinion delivered July 13, 1931.

*Tom J. Terral,* for appellant.

*Carmichael & Hendricks,* for appellee.

KIRBY, J., (after stating the facts). The undisputed testimony shows that the land upon which the building

was erected was the property of the son, W. H. Kilmer, and recognized as such by his father when the agreement to build thereon was made.

It is also virtually undisputed that there was no intention of either of the parties to the agreement that the building when erected upon appellant's land should ever be removed, but only that it should be used and occupied by the father and mother during their lives and the life of appellant. The great weight of the testimony shows that there was no expression by either of the parties of any intention at the time of the agreement to the building of the residence on the land that it should be the property of the father or could be removed or separated from the land upon which it was built. It was the intention only that it should be erected thereon and used and occupied as a home by the father and mother of appellant during their lives; and the statement that, if the land were sold during the life of the father, the son could repay him the value of the house is but confirmatory of the agreement that the father and mother should only have the right to the use and occupancy of the house and land during their lives; and the chancellor's finding otherwise is contrary to the preponderance of the testimony.

Appellee, the widow of the deceased father, who married him after the building was constructed on the land, understood that he had no title to the land when she married him, or certainly could have acquired this information if she had made inquiry. Where the building was erected upon appellant's land for the father, who knew it to be his son's land, without any intention of it being separated or removed therefrom, or any agreement between the parties that it could be done, it became, of course, a part of the realty and the property of appellant, the owner of the land, subject only to the use and occupancy of his father and mother, which was enjoyed by them during their lives. 11 R. C. L., p. 1081, § 24; 26 C. J., p. 672, §§ 29 and 30.

In Ewell, Fixtures, p. 77, it is said: "It is a rule of great antiquity, that whatever is affixed to the soil becomes a part of the realty, and subject to the same rules of law as the soil itself. The rule is best expressed in the words of the maxim: *Quicquid plantatur solo cedit.*"

In *Ozark* v. *Adams*, 73 Ark. 227, 83 S. W. 920, the court, quoting one of the rules for ascertaining whether an article is a fixture as laid down in a former case, *Choate* v. *Kimball*, 56 Ark. 55, 19 S. W. 108, said:

"3. The intention of the party making the annexation to make the article a permanent accession to the freehold, this intention being inferred from the nature of the article affixed, the relation and situation of the party making the annexation, and the policy of the law in relation thereto, the structure and mode of the annexation and the purpose or use for which the annexation has been made."

When the house in this case was erected on appellant's land, there was no agreement nor presumed intention that it should ever be removed, in fact, the agreement and intention as expressed and all the surrounding circumstances indicate the contrary intention. The court erred in holding that the house so erected upon the land of appellant was personal property and subject as such to a claim of widow's allowance and dower.

We think that the exception that the transcript did not contain all the evidence is without merit. It shows the introduction of certain witnesses by each party, their testimony and the announcement of each attorney after the introduction of the testimony that "We rest." Also a proper certificate of the stenographer that the testimony was correctly transcribed and the order of the court reciting the names of the witnesses who testified in the case, that the testimony was reported by the court stenographer, "and the same, being examined by the court, is found to contain an accurate report of all the testimony of all the witnesses heard before the court at said time, and the same is therefore approved and

ordered filed as the depositions of said witnesses and made a part of the record in this cause.'' Neither is any testimony specified as omitted by appellee in its objection that the transcript does not contain all the evidence that was heard by the court in the trial of the case.

For the error designated, the decree is reversed, and the cause is remanded with directions to dismiss the complaint for want of equity.